**NOT FOR PUBLICATION**

JAN 06 2012

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30133 |
| Plaintiff - Appellee, | D.C. No. 1:02-cr-30013-AA-1 |
| v. | |
| JAMES ALAN ROSE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

James Alan Rose appeals from the 12-month and one-day sentence imposed following revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Rose contends that the district court committed procedural error by (1) relying on clearly erroneous factual findings, (2) impermissibly imposing a sentence based on its intent to punish him, and (3) failing to address adequately his medical necessity mitigation argument. The record belies Rose's contention that the district court found that he did not have a medical condition. Further, the record reflects that the district court did not base the sentence primarily on impermissible factors, *see United States v. Simtob*, 485 F.3d 1058, 1063-64 (9th Cir. 2007), and the district court listened to and considered Rose's mitigation arguments, but found the circumstances insufficient to warrant a sentence lower than the one imposed. *See United States v. Carty*, 520 F.3d 984, 995 (9th Cir. 2008) (en banc).

Rose also contends that his sentence is substantively unreasonable. The 12-month and one-day sentence is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3583(e) sentencing factors, particularly the need for the sentence imposed to afford adequate deterrence and to sanction Rose for his breach of trust. *See Simtob*, 485 F.3d at 1063.

**AFFIRMED.**